NEW YORK PRACTICE REPORTS. 519

Matter of Attorney-General agt. Continental Life Insurance Co.

## SUPREME COURT.

### In the Matter of the ATTORNEY-GENERAL agt. THE CONTINENTAL LIFE INSURANCE COMPANY.

*Insuranc (Life)— When failure to pay premium causes policyto lapse. — What must be shown to relieve party.*

Where a party failed to pay the premium upon his policy of life insurance which became due six months prior to the failure of the company and the appointment of a receiver :

*Held*, that if he wished to be excused from the consequences of his omission to perform his part of the contract he must at least show his readiness and willingness to perform, and that he refused performance upon the ground that the other party had broken the contract by allowing itself to become insolvent.

*Special Term, March,* 1882.

*Wingate & Cullen,* for receiver.

*Davis, Work, Hilton & McNamee,* for claimant.

CLAIM of George Coggeshall.

The plaintiff failed to pay the premium upon his policy in the Continental Life Insurance Company, which became due six months prior to its failure and the appointment of its receiver, and the receiver consequently claimed that his policy had lapsed. He offered evidence to show that at the time his premium became due the company was and had been for a long time previously actually insolvent, and claimed that such insolvency was, under the decisions, a breach of the contract of insurance between the company and its policyholders, and excused the latter from tendering their premiums. The case was a test case, the effect of which would, if allowed, have revived claims amounting to a very large number. The referee rejected the evidence and disallowed the claim. Exceptions were filed to his report, which were argued before judge WESTBROOK, who has rendered the following decision :

WESTBROOK, *J.*— There must be an order affirming the report. There is nothing in the case to show that the failure to meet the premium was because of the insolvency of the company. If the claimant wishes to be excused from the consequences of his omission to perform his part of the contract he must, at least, show his readiness and willingness to perform, and that he refused performance upon the ground that the other party had broken the contract by allowing itself to become insolvent. There is nothing to contradict the inference to be drawn from the failure to pay the premiums, that the claimant intended to abandon the insurance. Having failed to pay apparently because he saw fit to terminate the contract he is in no position to take a ground not then thought of and assert a demand long since abandoned.